**HUBLER, Plaintiff-Appellee, v. MOCK et, Defendants-Appellants, and GROFF, Defendant-Appellee**

Ohio Appeals, Second District, Darke County.

No. 720.   Decided November 9, 1954.

Marchal & Marchal, Greenville, for plaintiff-appellee.
Spidel, Staley & Hole, Greenville, for defendants-appellants.
William A. Swaney, Dayton, for defendant-appellee.

## OPINION

By MILLER, J.:

This is a law appeal from the judgment of the Common Pleas Court rendered in favor of the plaintiff upon the verdict of a jury. The action was one on account for labor and materials furnished on certain farm buildings owned by the defendants. The answer denies the indebtedness, denies the employment of the plaintiff to do the work performed by him, but admits some material and labor were furnished which was not authorized and added no value to the defendant's property.

A cross-petition was also filed alleging certain damages caused by the plaintiff, all of which was denied generally.

The first two errors assigned relate to the admission and rejection of evidence. The brief on these two assignments covers only the subject of wrongfully admitting into evidence the account of the plaintiff, which was designated as Plaintiff's Exhibit No. 5. Our examination on this assignment will therefore be limited to this one question: The appellant urges that this exhibit was not a record of an original entry and therefore should not have been admitted. The argument is grounded on the fact that the plaintiff's time book, which showed the names of the plaintiff's employees and number of hours worked each day, was made from slips of paper at the end of each day. Under this factual situation we think the time book became a book of original entries and therefore the temporary slips were not required to be produced. We find no error in this assignment.

The appellant next urges that the court erroneously charged that if the jury found from a proper degree of proof that the plaintiff performed any portion of the alleged materials and labor, then the jury should return a verdict for the full amount prayed for in the petition. We cannot arrive at such a conclusion from the following portion of the charge touching on the question presented:

"The first question or issue thus made up by the pleadings for your determination is the amount due the plaintiff, **if any**, from the defendant for materials and labor as claimed by the plaintiff in his account attached to his petition. It is essential that plaintiff furnish such materials and labor, or some portion thereof. to the defendant at his request; and, if plaintiff did so, then the defendant would be obligated to pay for the same. The defendant denies that he owes anything on the account by his answer."

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence, that is, the greater weight of the evidence. that he furnished said alleged materials and labor, or some portion thereof. to the defendant at the defendant's request, and the amount, **if any**, remaining unpaid thereon; and, if plaintiff has done so, then he would be entitled to

a verdict on his petition **in the amount you determine by a preponderance of the evidence** to be owing by the defendant to the plaintiff." (Emphasis ours.)

It appears to us that in using the term "or some portion thereof" the court was covering a situation where the jury might find that some of the materials and labor were furnished pursuant to a contract and that possibly some of it was not, and therefore it was up to the jury to determine what portion of the materials and labor were performed pursuant to the agreement. A reading of the entire charge discloses that it was full and complete and without any ambiguity. We therefore find no error in this assignment.

We have carefully examined the entire record and find that the evidence supporting the verdict is quite substantial; hence the charge that it is against the manifest weight of the evidence is not well made.

Finding no error in the record, the judgment will be affirmed.

WISEMAN, PJ, HORNBECK, J, concur.